UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT POLLAS,
                                Plaintiff,

                                         22 Civ. 9981 (LGS)

              -against-

                                            ORDER

UNITED PARCEL SERVICE, INC.,
                             Defendant.

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 23, 2022, Defendant filed a notice of removal (the "Notice") (Dkt. No. 1).

      WHEREAS, the Notice asserts that removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1332(a), but the Notice and the state court pleadings allege only Plaintiff's residence and fail to allege Plaintiff's citizenship at either the time of removal or the time the case was initiated.  *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes."); *see also Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order) (notice of removal must allege citizenship at both the time of removal and the time the lawsuit was filed); *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (same).

      WHEREAS, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction.  *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *see Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021).

WHEREAS, if a "notice of removal and the underlying state-court record failed to establish whether the parties to this action were completely diverse," the district court should "remand[] the case to state court."  *Platinum-Montaur*, 943 F.3d at 618.

WHEREAS, the Notice of Removal also fails to allege that it is timely, since it alleges only that it was filed within thirty days after Defendant was served with the state court pleading, and not when Defendant actually received, "through service or otherwise," a copy of the initial pleading.  28 U.S.C. § 1446(b)(1).  It is hereby

**ORDERED** that the matter is remanded to state court.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, Bronx County.  The Clerk of Court is further directed to close the case.

Dated: November 28, 2022
       New York, New York

                                             LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE